IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACEY ODGERS<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>USAA CASUALTY INSURANCE COMPANY<br><br>　　　　　　　Defendant. | CIVIL ACTION NO. 22-4521 |

MEMORANDUM OPINION

**Rufe, J.** August 30, 2023

    Plaintiff Stacey Odgers filed a complaint against Defendant USAA Casualty Insurance Company in the Court of Common Pleas of Chester County, Pennsylvania, arising from an underinsured motorist ("UIM") claim. Defendant removed the case to this Court based on diversity of citizenship and now moves to dismiss certain of Plaintiff's claims with prejudice. For the reasons discussed below, the motion will be granted as follows.

## I.    BACKGROUND[1]

    Plaintiff claims that on October 30, 2018, they were struck by another driver while lawfully stopped for traffic, resulting in a multi-car collision.[2] Plaintiff alleges that they sustained serious and permanent injuries due to the collision, including multilevel disc bulges, chronic headaches, depression, severe spinal injuries, tinnitus, and permanent spinal injuries.[3] Plaintiff further alleges that they have undergone extensive medical treatment as a result of their injuries.[4]

---

[1] For purposes of this motion to dismiss, the Court takes all of the factual allegations in the Complaint as true.

[2] Compl. [Doc No. 1-3] ¶¶ 8-9.

[3] Compl. [Doc No. 1-3] ¶¶ 13-16, 18.

[4] Compl. [Doc No. 1-3] ¶¶ 19-20.

At the time of the collision, Plaintiff claims that they were insured by Defendant, paid for $600,000 in underinsured/uninsured motorist coverage, and made timely payments.[5] Plaintiff alleges that they timely gave notice to Defendant that they had been injured and intended to pursue a UIM claim.[6] After obtaining Defendant's consent and waiver of subrogation, Plaintiff settled their primary underinsured and the third-party bodily injury claim against the tortfeasor for the total policy limits and for the majority of the primary uninsured limits.[7] Plaintiff alleges that Defendant has not made a reasonable offer or given an explanation for the delay on the resolution of the UIM claim.[8] Plaintiff contends that Defendant "failed to adopt and/or implement reasonable standards for the prompt investigation of claims," refused to pay the UIM claim "without conducting a reasonable and/or timely investigation," and did not attempt "in good faith[] to effectuate a prompt, fair and equitable settlement of Plaintiff's claim."[9] Plaintiff also alleges that Defendant "used dishonest and/or disreputable strategies to embarrass and humiliate Plaintiff"[10] during the administration of the claim.

Plaintiff asserts the following claims against Defendant: violation of Pennsylvania's Unfair Insurance Practices Act ("UIPA")[11] (Count I), statutory bad faith[12] (Count II), breach of contract/breach of fiduciary duty (Count III), UIM claim (Count IV), and violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL")[13] (Count V). Defendant now moves

---

[5] Compl. [Doc No. 1-3] ¶¶ 32-35.

[6] Compl. [Doc No. 1-3] ¶ 37.

[7] Compl. [Doc No. 1-3] ¶ 38.

[8] Compl. [Doc No. 1-3] ¶¶ 41-43.

[9] Compl. [Doc No. 1-3] ¶¶ 50-52.

[10] Compl. [Doc No. 1-3] ¶ 57.

[11] 40 P.S. §§ 1171 et seq.

[12] 42 Pa. C.S.A. § 8371.

[13] 73 P.S. §§ 201-1 et seq.

to dismiss Counts I, II, and V of the Complaint with prejudice, to dismiss any reference to breach of fiduciary duty in the Complaint with prejudice, and to dismiss Plaintiff's demand for attorney's fees in Counts III and IV with prejudice.

## II.   LEGAL STANDARD

For a claim to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), each claim of a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.[14] The question is not whether the plaintiff will ultimately prevail, but whether the complaint is "sufficient to cross the federal court's threshold."[15] The court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to the relief."[16] However, the court "need not credit a complaint's 'bald assertions' or 'legal conclusions.'"[17]

## III.   DISCUSSION

### A.   Count I (Violation of UIPA)

Defendant moves to dismiss Count I and argues that any reference to the UIPA in the Complaint should be dismissed with prejudice because the UIPA does not grant a private cause of action. Plaintiff concedes that the UIPA does not grant a private cause of action but urges the Court not to dismiss references to the UIPA, as it "provides relevant clarification to other related

---

[14] Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009) (citation omitted).

[15] *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (same).

[16] *Philips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3rd Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3rd Cir. 2002)).

[17] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3rd Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)).

claims, particularly claims of bad faith by insurance providers and other consumer protection claims."[18]

Courts have consistently held that the UIPA does not grant a private cause of action; the statute can only be enforced by the State Insurance Commissioner.[19] Therefore, Count I will be dismissed with prejudice.[20]

B.  Count II (Statutory Bad Faith)

Under Pennsylvania's bad faith statute, a court may provide relief to a plaintiff "[i]n an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured."[21] The statute does not define "bad faith," but the Pennsylvania Supreme Court has defined it as "any frivolous or unfounded refusal to pay proceeds of a policy."[22] To recover on a statutory bad faith claim, the claimant must demonstrate that the insurer (1) lacked a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded the lack of reasonable basis.[23] Proof of an insurer's motive of self-interest or ill-will is probative of

---

[18] Pl.'s Mem. L. Resp. to Def.'s Mot. Dismiss [Doc. No. 5-1] at ECF page 5.

[19] *See, e.g.*, *Leach v. Nw. Mut. Ins. Co.*, 262 F. App'x 455, 459 (3d Cir. 2008) ("[T]here is no private right of action under the UIPA, which can only be enforced by the state insurance commissioner."); *Weinberg v. Nationwide Cas. & Ins. Co.*, 949 F. Supp. 2d 588, 598 (E.D. Pa. 2013) ("Courts within the Third Circuit and the Commonwealth of Pennsylvania continue to recognize that the UIPA does not provide plaintiffs with a private cause of action.").

[20] To the extent that Defendant moves to dismiss "references" to the UIPA, such a motion properly would be brought as a motion to strike under Rule 12(f) and Defendant has not established a basis for such a motion. *See Zarichy v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 615 (E.D. Pa. 2015).

[21] 42 Pa. C.S. § 8371.

[22] *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 373 (Pa. 2017) (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).

[23] *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (citing *Terletsky*, 649 A.2d at 688).

the second prong, but is not required.[24] Negligence or bad judgment does not equate to bad faith.[25] "A reasonable basis is all that is required to defeat a claim of bad faith."[26]

Plaintiff claims that Defendant acted in bad faith by failing to reasonably investigate their claim and pay UIM benefits. Plaintiff contends that Defendant "ignored valuable information," "failed to follow up and/or intentionally ignored the information Plaintiff provided," and "failed to contact the fact witnesses."[27] However, Plaintiff has only pled conclusory allegations; the Complaint fails to explain *how* Defendant acted unreasonably and intentionally or recklessly.[28] For example, Plaintiff does not describe the information they provided to Defendant, explain why this information was valuable, describe Defendant's investigative process, or identify fact witnesses that Defendant should have, but allegedly did not, contact. The mere "failure to accede to a demand for the policy limit cannot, without more, amount to bad faith."[29] The Court will dismiss Count II without prejudice and grant Plaintiff leave to file an amended Complaint that addresses these deficiencies.[30]

---

[24] *Rancosky,* 170 A.3d at 377.

[25] *See Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (citation omitted).

[26] *J.C. Penney Life Ins. Co. v. Pilosi,* 393 F.3d 356, 367 (3d Cir. 2004) (citing *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 307 (3d Cir. 1995)).

[27] Compl. [Doc No. 1-3] ¶ 68.

[28] S*ee Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136-37 (3d Cir. 2012) (upholding district court's holding that plaintiff's claims were overly broad and conclusory where plaintiff alleged that negotiations were "unfair" without describing why, and that defendant "mispresented coverage" without explaining what the misrepresentations may have been); *see also Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 WL 3181743, at *4 (E.D. Pa. 2016) ("Courts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss.").

[29] *Smith*, 506 F. App'x at 137.

[30] *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (holding that following a Rule 12(b)(6) dismissal, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile") (internal quotations and citations omitted).

C.      Count III (Breach of Contract/Fiduciary Duty)

Defendant moves to dismiss any reference to fiduciary duty in the Complaint with prejudice, arguing that an independent cause of action for breach of fiduciary duty does not exist because it is subsumed within the breach of contract claim under the gist of the action doctrine.[31]

Under the gist of the action doctrine, tort claims are barred where they: (1) arise solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where liability stems from the contract; and (4) when the tort claim essentially duplicates a breach of contract claim or where the success of the tort claim is dependent on the success of a breach of contract claim.[32] Therefore, a breach of fiduciary duty claim is barred by the doctrine if it is grounded in contractual obligations.[33] "However, claims for breach of fiduciary duty and breach of contract can coexist if the fiduciary duty is based on duties imposed as a matter of social policy and if the fiduciary duty is not based on a contractual agreement between the parties."[34]

Plaintiff does not dispute that the insurance policy is the basis for their breach of fiduciary duty claim. However, Plaintiff seeks to assert the claim for breach of fiduciary duty in the alternative in the event that the insurance policy is not a contract. However, Pennsylvania courts unequivocally view insurance policies as contracts.[35] Therefore, Plaintiff's fiduciary duty

---

[31] Plaintiff asserts breach of contract *and* breach of fiduciary claims within Count III. Defendant only moves to dismiss Plaintiff's breach of fiduciary duty claim.

[32] *Reardon v. Allegheny College*, 926 A.2d 477, 486 (Pa. Super. Ct. 2007) (citations omitted).

[33] *See eToll, Inc. v. Elias/Savion Advertising, Inc.,* 811 A.2d 10, 19 (Pa. Super. Ct. 2002).

[34] *Alpart v. Gen. Land Partners, Inc.*, 574 F. Supp. 2d 491, 499 (E.D. Pa. 2008) (citing *Bohler–Uddeholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d 79 (3d Cir. 2001)).

[35] *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 541 (Pa. 2010) ("Insurance policies are contracts."); *Kurach v. Truck Ins. Exch.*, 235 A.3d 1106, 1116 (Pa. 2010) ("In interpreting the relevant provisions of the insurance policies at issue in this appeal, we are guided by the polestar principle that ***insurance policies are contracts between an insurer and a policyholder***.") (emphasis added).

claim is barred by the gist of the action doctrine, and they may only pursue a breach of contract claim.[36]

### D. Plaintiff's Request for Attorney's Fees

Defendant moves to dismiss Plaintiff's request for attorney's fees in Counts III (breach of contract/fiduciary duty) and IV (UIM claim) with prejudice, arguing that they are not recoverable contract damages in Pennsylvania.[37] Plaintiff argues that attorney's fees in Pennsylvania are warranted where "a losing party has brought an action or raised a defense in bad faith, vexatiously, wantonly, or for oppressive reasons."[38] Here, however, Plaintiff alleges that Defendant acted in bad faith handling their insurance claim, and not during the course of the litigation.

Pennsylvania courts allow recovery of attorney's fees when authorized by statute, clearly agreed to by the parties, or when allowed by an established exception.[39] Section 8371 permits an insured to recover attorney's fees if the court finds that an insurer has acted in bad faith.[40] Therefore, if a plaintiff prevails on a bad faith claim, attorney's fees may be awarded with regard to the handling of the UIM claim.[41] However, a plaintiff cannot recover attorney's fees solely for

---

[36] *See Alpart*, 574 F. Supp. 2d at 499 (holding that the gist of the action doctrine barred plaintiffs' fiduciary duty claim, where the fiduciary duty allegations were based on contractual claims). As with the claim for violation of the UIPA, the Court will not strike references to breach of fiduciary duty as Defendant has not established a basis for doing so.

[37] In the motion to dismiss, Defendant also argues that the claim for punitive damages in the breach of contract claim is not cognizable. Def.'s Mot. Dismiss [Doc. No. 4] ¶ 15. However, Defendant does not address punitive damages in its memorandum of law, and the Complaint includes no demand for punitive damages for breach of contract.

[38] *Lichtenstein v. Lichtenstein*, 481 F.2d 682, 684 (3d Cir. 1973) (citations omitted).

[39] *Chatham Communications, Inc. v. General Press Corp.,* 344 A.2d 837, 842 (1975) (citations omitted).

[40] 42 Pa. C.S.A. § 8371.

[41] *See Sartain v. United Services Automobile Assoc.*, Nos. 4 WDA 2020, 5 WDA 2020, 2021 WL 401954 (Pa. Super. Ct. Feb. 4, 2021) (affirming trial court's award of attorney's fees for bad faith claim and underlying UIM claim plus interest and refusal to provide punitive damages); *Bonenberger v. Nationwide Mut. Ins. Co.*, 791 A.2d 378, 383 (Pa. Super. Ct. 2002) (rejecting defendant's argument that § 8371 only allows attorney's fees generated in the handling of the underlying UIM claim, and not in a bad faith action for failure to pay UIM benefits).

a breach of contract claim.[42] Therefore, the Court will dismiss Plaintiff's request for attorney's fees in Count III with prejudice, and in Count IV without prejudice and with leave to renew in the event Plaintiff repleads the claim for bad faith.

    E.    <u>Count V (Violation of UTPCPL)</u>

Defendant argues that Plaintiff's claim for violations of the UTPCPL must be dismissed because the UTPCPL only pertains to the sale of insurance contracts, and Plaintiff does not allege any improprieties with respect to the sale of the policy. In response, Plaintiff argues that Pennsylvania courts are inconsistent regarding dismissal of UTPCPL claims relating to an insurer's handling of insurance claims.

The UTPCPL regulates "the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situate, and includes any trade or commerce directly or indirectly affecting the people of this Commonwealth."[43] Plaintiff points to a single case, *Krisa v. Equitable Life Assurance Society*,[44] to support their argument. In *Krisa*, the plaintiff asserted claims of breach of contract, bad faith, fraud and/or negligent representation, violations of the UTPCPL, and wrongful use of civil proceedings in connection with defendant's denial of insurance benefits.[45] The defendant moved to dismiss allegations of emotional distress damages contained in the plaintiff's UTPCPL claim.[46] The *Krisa* court did not directly address the issue of

---

[42] *Sherman v. State Farm Ins. Co.*, No. 17-4822, 2017 WL 5559911, at *3 (E.D. Pa. Nov. 17, 2017) (citing *Aaron v. State Farm Fire & Cas. Co.*, No. 17-2606, 2017 WL 3484087, at *3 (E.D. Pa. Aug. 14, 2017); *O'Brien v. Travelers Property & Cas. Ins. Co.*, 65 F. App'x 853, 855-56 (3d Cir. 2003)).

[43] 73 P.S. § 201-2(3).

[44] 109 F. Supp. 2d 316 (M.D. Pa. 2000).

[45] *Id.* at 317-18.

[46] *Id.* at 323.

whether the UTPCPL applies to the handling of insurance claims but held that the plaintiff could not recover for emotional distress damages under the UTPCPL.[47]

Multiple courts since *Krisa* have held that "the UTPCPL applies to the **sale** of an insurance policy, it does not apply to the **handling** of insurance claims."[48] Moreover, the Third Circuit has held that refusal to pay a claim does not raise a cause of action under the UTPCPL: "only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the [UTPCPL] … and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable."[49] Here, Plaintiff has not alleged that Defendant misrepresented the policy or engaged in misconduct at the time Plaintiff purchased the policy. Instead, Plaintiff's allegations center entirely on Defendant's handling of their claim and failure to provide payment. Therefore, the Court will dismiss Count V with prejudice.[50]

---

[47] *Id*.

[48] *See, e.g.*, *Wenk v. State Farm Fire & Cas. Co.*, 228 A.3d 540, 550 (Pa. Super. Ct. 2020) (citing *Neustein v. Gov't Employees Ins. Co.*, No. 18-645, 2018 WL 6603640, at *2 (W.D. Pa. Nov. 29, 2018)) (emphasis in original); *see also Horn v. Minn. Life Ins. Co.*, No. 17-238, 2019 WL 1791412, at *8 (E.D. Pa. Apr. 23, 2019) (holding that a cause of action can only arise under the UTPCPL through the insurer's pre-contract conduct); *Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 565 (E.D. Pa. 2016) ("[A]n insured cannot bring an action under the UTPCPL based on the insurer's failure to pay a claim or investigate a claim") (citations omitted).

[49] *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 307 (3d Cir. 1995) (citing *Gordon v. Pa. Blue Shield*, 548 A.2d 600, 604 (Pa. Super. Ct. 1988)).

[50] Defendant also argues that Count V is barred by the gist of the action doctrine, as all the allegations set forth in Count V stem from the UIM claim under the insurance policy and Defendant's handling of the claim. Plaintiff does not address this argument. As the UTPCPL only applies to the sale of an insurance policy, which is not at issue here, the Court need not determine whether a UTPCPL claim would be barred by the gist of the action doctrine.

## IV. CONCLUSION

For the reasons explained above, Defendant's motion to dismiss will be granted as follows. The Court will dismiss Counts I and V with prejudice. The Court will dismiss Count III with prejudice with regard to Plaintiff's fiduciary duty claim and demand for attorney's fees, but the breach of contract claim asserted in Count III will not be dismissed. The Court will dismiss Count II and the demand for attorney's fees in Count IV without prejudice and with leave to amend. An appropriate Order follows.